# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>        **Plaintiff,**<br><br>v.<br><br>**KENDRA WALKER,**<br>        **Defendant.** | **Case No.** *16CR143* |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Michael Chu, Assistant United States Attorney, and the defendant, Kendra Walker ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) (will not bring other charges) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.      Defendant agrees to plead guilty to Counts 1 to 4 of the Information, which charge Defendant with Wire Fraud, in violation of Title 18, United States Code, Section 1343.  Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either

1

charged in the Information, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The statutory maximum penalty for each violation of Title 18, United States Code, Section 1343, is imprisonment of not more than 20 years and a fine of not more than \$250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars (\$100.00)

2

per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not

3

waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States may choose to assert its rights under this agreement and seek specific performance of these waivers.

6.      In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

4

7.     Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

8.     The United States agrees to each of the following:

a. At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that she receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

b. If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding her role in the offense (if Defendant's offense level is 16 or greater).

### Agreement Binding - Southern District of Texas Only

9.     The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney or any other unit of the U.S. Department of

Justice. The United States will bring this plea agreement and the full extent of

Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10.    The United States reserves the right to carry out its responsibilities

under guidelines sentencing. Specifically, the United States reserves the right:

    a. to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    b. to set forth or dispute sentencing factors or facts material to sentencing;

    c. to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

    d. to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

    e. to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11.    Defendant is aware that the sentence will be imposed after

consideration of the United States Sentencing Guidelines and Policy Statements,

which are only advisory, as well as the provisions of Title 18, United States Code,

section 3553(a). Defendant nonetheless acknowledges and agrees that the Court

has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12.    Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement.    Defendant understands that the rights of a defendant include the following:

   a. If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree.

   b. At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the

7

opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

c. At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

### Factual Basis for Guilty Plea

13. Defendant is pleading guilty because she is in fact guilty of the charges contained in the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

## A. Starting around February 2014, defendant embezzled money from Southwestern Energy Co.

14. From around February 2014 to around February 2015, defendant Walker embezzled money from Southwestern Energy Co. She used her position to access Southwestern Energy Co.'s accounts payable system and fraudulently change bank account information for some of its vendors to instead list bank accounts that she controlled.

15. Defendant Walker then caused Southwestern Energy Co.'s accounts payable system to pay Southwestern Energy Co.'s vendors via ACH transfer for

invoices that, in reality, the vendors did not submit. Because defendant Walker had fraudulently changed these vendors' bank account information, these ACH transfers instead transmitted money into bank accounts that she controlled. Two of these bank accounts were Bank of America, NA account -7631 and account -2043.

## B. ACH transfers were routed through Virginia

16. The money that Walker embezzled from her employer was routed from Texas through Virginia then back to Texas as follows: (i) ACH transfers from Southwestern Energy Co.'s bank account in Texas were transmitted through (ii) Bank of America's ACH Platform Server which was located in Virginia to (iii) Walker's Bank of America, NA accounts in Texas. Walker then spent the money to support her lifestyle.

17. In furtherance of the fraud, Walker transmitted (and caused to be transmitted) in interstate commerce the following wire communications:

| Count | Approx. Date of Wire | Description |
|-------|----------------------|-------------|
| 1. | 3/14/14 | $25,834.00 ACH transfer from Southwestern Energy Co., ostensibly issued to Vendor 1, but actually deposited into Bank of America, NA account -7631, thereby causing a wire to be transmitted from Southwestern Energy Co.'s bank account in Texas to Bank of America, NA's ACH Platform Server in Virginia. |
| 2. | 3/25/14 | $25,044.84 ACH transfer from Southwestern Energy Co., ostensibly issued to Vendor 1, but actually deposited into Bank of America, NA account -7631, thereby causing a wire to be transmitted from Bank of America, NA's ACH Platform Server in Virginia to Walker's Bank of America, NA account in Texas. |

9

| 3. | 5/7/14 | $30,312.28 ACH transfer from Southwestern Energy Co., ostensibly issued to Vendor 2, but actually deposited into Bank of America, NA account -2043, thereby causing a wire to be transmitted from Southwestern Energy Co.'s bank account in Texas to Bank of America, NA's ACH Platform Server in Virginia. |
| 4. | 5/16/14 | $27,591.17 ACH transfer from Southwestern Energy Co., ostensibly issued to Vendor 2, but actually deposited into Bank of America, NA account -2043, thereby causing a wire to be transmitted from Southwestern Energy Co.'s bank account in Texas to Bank of America, NA's ACH Platform Server in Virginia. |

Defendant admits that from February 2014 to around February 2015, she embezzled $452,025.56 from her employer, Southwestern Energy Co., and that she committed many, if not all, of her actions in furtherance of these crimes within the Southern District of Texas.

## Breach of Plea Agreement

14.    If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior

10

to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Every ninety (90) days thereafter, the Defendant shall update the financial statement under oath and submit it to the lead prosecutor on this case. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

11

17.    Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.    The United States does not waive any rights or remedies, including forfeiture of property, as a means to reimburse the crime victim(s).  Nothing in this Agreement precludes the United States from pursuing statutorily permitted enforcement action and any and all remedies to collect restitution once a restitution order is imposed.

18.    Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

19.    Defendant understands that a mandatory restitution order will be imposed against her in this case and agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of her criminal conduct, the victim(s) incurred a monetary loss of at least

12

$452,025.56.

    (a)    Defendant understands and agrees that at sentencing, the Court will determine the amount of restitution to fully compensate the victim(s). Defendant understands that the restitution amount imposed by the Court will be due and payable immediately and agrees that Defendant will not attempt to avoid or delay payment.

    (b)    Defendant agrees that if she receives a tax refund, she will within five (5) days of receipt pay funds into the registry of the Court towards the anticipated restitution debt. If Defendant is single, the entire tax refund amount will be paid; and if Defendant is married, then half of the refund will be paid into the registry. Defendant understands that nothing in this Agreement prevents the United States from pursuing administrative offsets, including by the Internal Revenue Service, once a restitution order has been imposed.

20.    Subject to the provisions listed above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

21.    Defendant stipulates and agrees that the property listed in the Information's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22.    Defendant stipulates and agrees that the factual basis for her guilty plea supports the forfeiture of at least $452,025.56 against her and in favor of the United States, and Defendant agrees to the imposition of a personal money

judgment for that amount against her and in favor of the United States of America. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of her property, or her interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Subject to the provisions as described above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable

14

immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions as described above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

*Continued on next page*

27.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _____*April 25,*_____, 2016.

x _K.We_

Defendant Kendra Walker

Subscribed and sworn to before me on _April 25, 2016,_ 2016.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

_____
Michael Chu
Assistant U.S. Attorney

_____
Joseph Owmby, Esq.
Attorney for Defendant

16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA,**

**v.**

Case No. /6CR /43

**KENDRA WALKER.**

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant her rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     Apr. / 25, 2016
Joseph O'wmby, Attorney for Defendant      Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States

17

Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____          _4/25/16_____
Defendant Kendra Walker          Date

18